# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| RONNIE BREECE, GERALD CHAPPELL, PATRICK MAY, and GARY MORAN, individually and on behalf of all others similarly situated, | Civil Action No.: 3:19-cv-02552-JMC |
| Plaintiffs, | **ORDER AND OPINION** |
| v. | |
| NATURECHEM, INC., | |
| Defendant. | |

Plaintiffs brought this action on behalf of themselves and all similarly situated current and/or former employees of Defendant NaturChem, Inc., alleging Defendant willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and other applicable rules, regulations, statutes, and ordinances. (ECF No. 1.) This matter is before the court on Defendant's Motion for Summary Judgment (ECF No. 79). For the reasons set forth below, the court **DENIES** Defendant's Motion without prejudice.

## I.     RELEVANT BACKGROUND

Defendant NaturChem, Inc. ("Defendant") is a South Carolina corporation specializing in vegetation management. (ECF No. 1 at 1 ¶ 2.) Plaintiffs Ronnie Breece, Gerald Chappell, Patrick May, and Gary Moran (collectively, "Named Plaintiffs") were employed by Defendant as spray technicians and would travel to Defendant's customers' locations and perform landscaping duties across the United States. (*Id.* at 2 ¶ 3.) Plaintiffs contend they were scheduled to work, and regularly worked, in excess of forty (40) hours per week, sometimes working as many as seventy (70) hours in one week. (*Id.* at 6 ¶ 25.) Plaintiffs allege Defendant paid "their straight hourly or

1

salaried rates of pay for all hours worked up to, and including, forty (40) hours," and then paid them "a sub-minimum wage overtime rate of $4.50-$5.00 per hour—a rate it called 'Chinese overtime'—for all hours in excess of forty (40) in one workweek." (*Id.* at 6 ¶ 26.) According to Plaintiffs, Defendant "developed and implemented uniform pay practices which excluded from its employees' wages significant per diem payments, causing Defendant to undercalculate overtime rates owed." (ECF No. 22-1 at 1.) Specifically, Defendant paid Plaintiffs pursuant to a "fluctuating work week" method wherein Plaintiffs were paid a base guaranteed salary in any week in which work was performed. (ECF No. 79-1 at 4.) When traveling for work, Plaintiffs were provided a meal per diem of $25.00 per day and $10.00 per week in laundry reimbursement. (*Id.*) Plaintiffs contend "[t]he per diem payments were, in actuality, disguised wages that had no relationship to Plaintiff[s'] actual daily expenses." (ECF No. 22-1 at 3–4.)

On September 10, 2019, Named Plaintiffs filed this action alleging Defendant violated the FLSA by not properly compensating them for overtime. (ECF No. 1.) On June 1, 2020, with the mutual consent of the parties, the Court entered an Order conditionally certifying a class in this case. (ECF No. 39.) The Conditional Class Certification Order defined the putative Class as:

> All Spray Technicians, Vegetation Management Technicians, or other job titles performing the same or substantially similar job duties, who: 1) were employed by NaturChem in one of those capacities at some time in the last three years; 2) were also classified as nonexempt by NaturChem during that time; 3) were also paid overtime according to NaturChem's "fluctuating workweek" method during that time; and 4) who received additional payment(s) from NaturChem in the form of a per diem and/or laundry reimbursement for working away from home during that time.

(ECF No. 39 at 1.) The Order permitted Plaintiffs' counsel to send the court-authorized notice and consent to sue to putative Class Members and provided a notice period of 45 days from the date Plaintiffs' counsel began disseminating the notice. (*Id.* at 1–2.) The notice process resulted in a total of 111 additional plaintiffs ("Opt-In Plaintiffs") joining the action by filing their

2

consent to sue. (*Id.*)  On December 18, 2020, Defendant filed a Motion for Summary Judgment seeking dismissal of Plaintiffs' Complaint.  (ECF No. 79.)  On January 22, 2021, Plaintiffs filed a Response in Opposition to Defendant's Motion for Summary Judgment (ECF No. 82) and Defendant submitted a Reply on February 5, 2021 (ECF No. 85).

## II.     JURISDICTION

This court has jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331 because the Complaint alleges violations of the laws of the United States.  Specifically, Plaintiffs allege violations of the FLSA, which empowers a "court of competent jurisdiction" to hear claims brought under the FLSA.  28 U.S.C. § 216(b).

## III.    LEGAL STANDARD

### A.     Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(a).  The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment."  *Id.* at 248.  Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence."  *Id.* at 252.  The non-moving party must present

evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party to avoid summary judgment. *See id.* at 248.

B. Rule 56(d) Request

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery." FED. R. CIV. P. 56(d). "A court should hesitate before denying a Rule 56(d) motion when the nonmovant seeks necessary information possessed only by the movant." *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014). Denial of a Rule 56(d) motion is appropriate where: "(1) the plaintiff 'had a reasonable opportunity' to conduct discovery, and (2) the plaintiff did not 'identify any specific information that would create a genuine dispute of material fact.'" *Gordan v. CIGNA Corporation*, 890 F.3d 463, 478 (4th Cir. 2018) (quoting *Hodgin v. UTC Fire & Sec. Ams. Corp.*, 885 F.3d 243, 250 (4th Cir. 2018)).

IV. ANALYSIS

As an initial matter, Plaintiffs assert Defendant's Motion for Summary Judgment (ECF No. 79) is premature because the parties had three months of discovery remaining when the Scheduling Order (ECF No. 78) was stayed based on Defendant's Motion, Defendant has not responded to any of Plaintiffs' discovery requests, and Plaintiffs have not had the opportunity to depose the witnesses who provided declarations in support of Defendant's Motion. (*See* ECF Nos. 82 at 7–8; 82-1 at 2–4.) Plaintiffs contend their "inability to conduct discovery leaves them unable to contest some of the factual allegations in the declarations submitted by Defendant." (ECF No. 82 at 9.) Moreover, Plaintiffs explain, the information needed to prove their claims is in Defendant's possession. (*Id.*)

4

In response, Defendant concedes that "the exchange of evidence, information[,] and discovery is limited at this point," but asserts that Plaintiffs do not "identify any specific information that, were Plaintiffs permitted additional discovery, would create a genuine dispute of material fact preventing the Court from granting Defendant's Motion for Summary Judgment." (ECF No. 85 at 1 (citing *Gordan*, 890 F.3d 463).) Defendant further contends that Plaintiffs' theory of the case fails as a matter of law and no amount of discovery will change that. (*Id.* at 2.)

Under the FLSA, employers must pay employees covered by the law a designated minimum wage, as well as overtime compensation at a rate not less than one-half times the regular rate when a covered employee works more than forty hours in one work week. 29 U.S.C. §§ 206–207. The "regular rate" includes "all remuneration for employment paid to, or on behalf of, the employee," except for certain enumerated payments. 29 U.S.C. § 207(e). "The keystone of Section [207(a)] is the regular rate of compensation," and using the correct method of calculating the regular rate is "of prime importance." *Walling v. Youngerman–Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945). The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked in that workweek for which such compensation was paid. 29 C.F.R. § 778.109.

Plaintiffs contend "[t]his case revolves around the exclusion of certain per diem payments and bonuses from Plaintiffs' regular rate for purposes of calculating overtime," and argue that "[b]ecause Defendant failed to provide reasonable reimbursement for Plaintiffs' meal and laundry it loses the benefit of excluding per diem[] payments in Plaintiffs' regular rate of pay." (ECF No. 82 at 13–14 (citing 29 C.F.R. § 778.217(a)).) Stated differently, Defendant's per diem payments to Plaintiffs were lower than Plaintiff's actual expenses and were not based on receipts or actual

5

costs incurred and, therefore, Plaintiffs contend these payments must be included as part of Plaintiffs' regular rate when calculating their overtime amount.  In this regard, Plaintiffs assert discovery will reveal genuine issues of material fact related to Defendant's bonus payments.  (*Id.*)  Specifically, Plaintiffs note that the declarations filed by Defendant in support of its Motion for Summary Judgment discuss bonuses paid in 2016 and 2017, but do not discuss "what, if any, bonuses were paid in 2018, 2019[,] or 2020 to any of the 111 Opt-[I]n Plaintiffs." (*Id.*)  Plaintiffs further contend that "a dispute exists as to the nature of the bonuses, whether they were performance based, and when they may have been paid." (*Id.* at 10.)

Next, Plaintiffs argue discovery will produce genuine issues of material fact regarding Defendant's per diem reimbursements for meals and laundry.  (ECF No. 82 at 10.)  Plaintiffs assert that they "do not possess the information necessary to prove their claim that Defendant's per diem payments did not reasonably reimburse Plaintiffs for their meal and laundry expenses, but Defendant does" because Defendant maintains payroll and time sheet records documenting where each Plaintiff worked while traveling.  (*Id.* at 11.)  Further, Plaintiffs note that "[e]xactly zero discovery is complete regarding the 111 Opt-[I]n Plaintiffs." (*Id.*)  As such, Plaintiffs argue there is an incomplete record and material dispute "concerning whether all individuals subject to the fluctuating workweek were actually given notice of, and understood, how they were being paid." (*Id.* at 11–12.)  The court agrees that further discovery is needed before the court can determine whether summary judgment is appropriate in this case.

Summary judgment is premature at this time "because a per diem either can be excluded from, or included in, a regular wage depending on myriad factors and purposes, [making] a case-specific factual inquiry [] necessary." *Baouch v. Werner Enterprises, Inc.*, 908 F.3d 1107, 1115 (8th Cir. 2018) (citing *Berry v. Excel Group, Inc.*, 288 F.3d 252, 254 (5th Cir. 2002)).  The

6

reasonableness of the per diem payments is a fact-based inquiry set forth on a "case-by-case basis." *Berry*, 288 F.3d at 254. Defendant relies on the United States General Services Administration standards pursuant to 41 CFR subtitle F to aver that the per diem payments are reasonable as a matter of law. (*See* ECF No. 79-1 at 11–14.) However, these standards alone cannot establish reasonableness, and discovery in the record is incomplete. *See Picton v. Excel Grp., Inc.*, 192 F. Supp. 2d 706, 713–14 (E.D. Tex. 2001). Defendant has not responded to Plaintiffs' discovery requests, no depositions have been taken, and discovery has been stayed based on Defendant's Motion. (*See* ECF No. 81.) Cognizant of the posture of this action and the factual inquiry required to determine reasonableness of the per diem payments, the court finds that Defendant's Motion for Summary Judgment (ECF No 79) is premature at this time.

## V.     CONCLUSION

Based upon the foregoing, the court **DENIES** Defendant's Motion for Summary Judgment (ECF No. 79) without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 27, 2021
Columbia, South Carolina