IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| RONNIE BREECE, GERALD CHAPPELL, PATRICK MAY, and GARY MORAN, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CA No. 3:19-cv-02552-JMC |
| NATURCHEM, INC., | ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S MOTION FOR RECONSIDERATION
AND MEMORANDUM IN SUPPORT**

Defendant NaturChem, Inc., by and through its counsel and pursuant to Fed. R. Civ. P. 54, respectfully moves[1] the Court to reconsider its Order entered on September 27, 2021 (ECF 87), denying Defendant's Motion for Summary Judgment (ECF 79).  Specifically, Defendant requests reconsideration because the Court did not address Defendant's argument, and supporting authorities, that Plaintiffs' theory on per diems being included in calculating their regular rate of pay fails as a matter of law, regardless of any future discovery.

Accordingly, upon reconsideration, Defendant requests that the Court issue a revised Order granting Defendant's Motion for Summary Judgment on that key legal issue affecting the only actual collective claim in this case and addressing the fate of the remaining, non-collective claims in light thereof.

---

[1] In accordance with Local Civil Rule 7.04 (D.S.C.), no separate memorandum is being filed as the complete grounds for this Motion are set forth herein.

## I.     <u>INTRODUCTION</u>

Defendant's decision to seek reconsideration was not made lightly.  Defendant acknowledges that reconsideration is granted sparingly, and with good reason, since motions for reconsideration are often used by unhappy litigants to raise new arguments or simply rehash arguments that the court previously considered and rejected.  This is not one of those motions.

Rule 56 is clear that the Court can order summary judgment on a claim, defense or part of a claim or defense.  Here, Defendant asks the Court to address a dispositive argument Defendant asserted with supporting authority throughout its summary judgment briefing but which was not addressed in the Court's Order.  The argument in question is simply that where employee expense reimbursements do not exceed either the employee's actual expenses or the applicable amounts established by the General Services Administration (GSA), they are not, as a matter of law, included in the regular rate of pay for overtime purposes.  In this case, Plaintiffs unequivocally and repeatedly assert without reservation that the evidence they have presented and plan to present will show that they all incurred meal and laundry expenses while traveling for work with Defendant and that the per diem amounts they received for those expenses were *always less* than what they incurred.  Plaintiffs contend that receiving less than their actual expenses or, perhaps, the applicable GSA rates, requires the Court to count the full amount of those reimbursements as part of their regular rate, but cite no law to the Court to support that theory or reflect such a theory ever being applied or adopted by any court.

To the contrary, Defendant cited statutes, case law, regulation and interpretive guidance, all of which stand for and explain why only those reimbursements which *exceed* actual or reasonably approximated expenses are counted toward the regular rate for overtime purposes and, even in those cases, why it is only the excess, that is counted toward the regular rate.  Indeed, both

legally and logically, where there is no excess reimbursement paid beyond actual expenses incurred, there is no amount of windfall or overage to the employee that counts toward their regular rate of pay. It is that dispositive legal argument and the authority supporting it that was not addressed by the Court in its Order.

Additionally, since at summary judgment the Court must consider Plaintiffs' evidence in a light most favorable to them, Defendant argued no amount of additional discovery would change the Court's analysis of its argument. Plaintiffs presented evidence and consistently argue that the reimbursements received from Defendant were always *less than* the meal and laundry expenses they actually incurred and the amounts set by the GSA for such expenses. Accepting Plaintiffs' evidence as true for purposes of Defendant's Motion for Summary Judgement, as we must, the Court does not appear to address how or why additional discovery may bring about a different outcome. Thus, Defendant submits that reconsideration is warranted to resolve an argument not addressed by the Court in its Order that is central to Plaintiffs' collective claim and would be unaffected by additional discovery.

## II.    ARGUMENT AND CITATION OF AUTHORITY

### A.    Legal Standard – Motion for Consideration

"Federal Rule of Civil Procedure 54(b) governs the Court's reconsideration of interlocutory orders such as one denying summary judgment." *Powell v. State Farm Fire & Cas. Co.*, 2018 WL 2268007, at *1 (D.S.C. May 16, 2018); *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003) ("[A] district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted."). While motions for reconsideration are not expressly addressed by the Federal Rules of Civil Procedure, the Fourth Circuit has held that such motions are properly considered

3

pursuant to Rule 54(b), which provides that "any order . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *See Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991); *R.E. Goodson Const. Co. v. Int'l Paper Co.*, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006) ("As motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure, the court will treat all of the present motions as Rule 54(b) motions to revise its Order.").

As this Court has observed, "[t]he Fourth Circuit has offered little guidance on the standard for evaluating [a Rule 56(b)] motion, but has held motions under Rule 54(b) are 'not subject to the restrictive standards' of motions under Rule 60." *R.E. Goodson Const. Co.*, 2006 WL 1677136 at *1 (quoting *Fayetteville Invs.*, 936 F.2d at 1472). Instead, the decision to reconsider an interlocutory order, such as the denial of summary judgment, is committed to the sound discretion of the Court and will depend upon the particular circumstances of a given case. *See Am. Canoe Ass'n*, 326 F.3d at 515. This Court has found it appropriate to exercise its discretion in favor of reconsideration for three reasons: "(1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or to prevent manifest injustice." *See, e.g., Pellegrino v. United Parcel Serv., Inc.*, 2010 WL 11531442, at *1 (D.S.C. May 19, 2010) (internal quotation and citation omitted). In the end, "[t]he ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Am. Canoe Ass'n*, 326 F.3d at 515. Where a party raises an argument, particularly on summary judgment, and it is not addressed by the Court, this Court has equated that scenario to a clear error of law warranting reconsideration. *See Pellegrino*, 2010 WL 11531442 at *2 (granting motion for reconsideration to address a

summary judgment argument the court did not previously address and granting it once it was considered).

**B.     Meal Per Diems and Laundry Reimbursements That Are Less Than Actual Expenses Incurred Are Not Included In Regular Rate Calculations**

The arguments summarized below were included and explained in more detail via Defendant's prior briefing. *See* ECF 79, pp. 1-3; ECF 79-1, pp. 11-17; ECF 85, pp. 2-5. The FLSA and its interpreting regulations are clear: reimbursements are not compensation for services rendered or wages and are properly excluded from regular rate calculations for paying overtime if the reimbursements are for expenses incurred in furtherance of the employer's interests while traveling and reasonably approximate the expense incurred. *See* 29 U.S.C. § 207(e)(2); 29 C.F.R. § 778.217(a). More precisely stated in the same regulation, when reimbursements do not reasonably approximate the expenses *and* are disproportionately large in comparison to the actual expense incurred, resulting in a financial gain to the employee, "*the excess amount* will be included in the regular rate." 29 C.F.R. § 778.217(c)(1)(emphasis added). If disproportionally small reimbursements were to be treated the same as disproportionally large ones and counted toward the regular rate of pay, there would be no need to single out disproportionally large reimbursements in the regulations.

Even more precisely stated for this case, the FLSA's implementing regulations were recently amended and now explicitly state what was always inherently true in prior statutes and regulations, that expense reimbursements equal to or less than the rates established by the GSA are per se reasonable and need not be included in the regular rate. 29 C.F.R. § 778.217(c)(2)(i). Indeed, the United States Department of Labor has long interpreted its regulations that way. *See* Department of Labor Field Operations Handbook § 32d05a ("…if the amount paid is disproportionately large, the excess amount will be included in the regular rate for overtime cases".

Plaintiffs' theory that expense reimbursement paid at less than actual expenses, or a reasonable estimation such as the GSA, needs to be included in the regular rate of pay for overtime purposes is directly contrary to the applicable statute and regulations on this point.

Beyond the statutory and regulatory provisions on which Defendant relied in its Motion for Summary Judgment, Defendant also relied on six representative court decisions that consistently interpret the FLSA to hold expense reimbursements which are *less than or equal to* the employee's actual expenses are not included in the regular rate. (ECF 79-1 at 12-13; collecting cases.)[2] Defendant is not aware of, and has not been directed by Plaintiffs (or the Court in its decision) to any authority to the contrary or that would support the theory that under-reimbursement is treated the same as the monetary windfall received by employees who are paid more than their incurred expenses.

At most, Plaintiffs offered their opinion that there was "no justification" to treat lesser payments differently, despite legal authority to the contrary. (ECF 84 at 14.) For its part, while the Court did not address Defendant's argument, two cases cited in its Order plainly support Defendant's position that its meal per diems and laundry reimbursements were rightfully excluded from Plaintiffs' regular rate because they did not exceed the expenses being reimbursed. (ECF 87 at 6-7) (citing *Berry v. Excel Group, Inc.*, 288 F.3d 252 (5th Cir. 2002) and *Picton v. Excel Grp., Inc.*, 192 F. Supp. 2d 706 (E.D. Tex. 2001)).

---

[2] The Court's Order seems to suggest that Defendant relied exclusively on GSA standards to demonstrate that its per diems and reimbursements were reasonable. (ECF 87 at 7) ("However, these standards *alone* cannot establish reasonableness . . . .") (Emphasis added.) That is not the case. While Defendant did reference the GSA standards to demonstrate that lesser reimbursements are per se reasonable under the 2020 regulation, and to respond to Plaintiffs' related arguments via GSA rates, Defendant began its analysis with a discussion of how the lesser reimbursements were legally excluded from the regular rate under the statutory provisions of the FLSA, its regulatory framework, and case law on the issue. (ECF 79-1 at 11-14.). The Order does not analyze or address Defendant's argument based on those sources of law.

In that regard, the Fifth Circuit in *Berry* stated that "[t]he regulations sensibly authorize the employer to approximate such expenses as long as the amount of the per diem is not 'disproportionately large.'" *Berry*, 288 F.3d at 254. Likewise, the *Picton* court explained that "[i]f the amount paid as 'reimbursement' is disproportionately large, the excess amount will be included in the regular rate," making no mention that the same approach should apply to under-reimbursed expenses. *Picton*, 192 F. Supp. 2d at 711 (citing 20 C.F.R. § 778.217(c)). Indeed, while *Picton* discussed the risk to employers who estimate expenses across a group (*Picton,* 192 F. Supp. 2d at 712), it also plainly expressed the two situations where employer expense reimbursements should be counted toward an employee's regular rate of pay for overtime purposes: 1) where an employee receives an expense reimbursement payment and had no excludable expenses; or 2) where an employee incurred expenses, but the amount paid as reimbursement was disproportionately large compared to the excludable expense incurred. *Id*. at 713 (holding, "Thus, if any employee receiving the per diem incurred no excludable expenses, or if the amount paid as reimbursement was disproportionately large compared to the excludable expenses incurred, the per diem payments are not excludable from that employee's regular rate of pay).

Like the applicable regulation discussed above (29 C.F.R. § 778.217(c)(1)), if the *Picton* decision stood for the premise that all disproportionate or unreasonable reimbursements, large or small, be treated as part of the regular rate for overtime, it would not have needed to specify application to only disproportionally large ones. Instead, both of the scenarios envisioned by *Picton* represent a windfall to the employee either because they were paid for expenses not actually incurred or because they were overpaid for expenses. Under-reimbursed expense payments, like those at issue in this case, simply do not apply in that analysis, regardless of how much less they

are.[3] That is, in essence, the argument Defendant made that was not addressed by the Court in its Order.

In this case, Plaintiffs do not allege either of the *Picton* scenarios apply to them: they are clear in that they actually incurred the kinds of expenses at issue and that the amounts received as reimbursement via per diems, were always less than both their actual expenses and the applicable GSA rates. *See, e.g.,* Breece Dec. ¶¶ 9-10 (ECF 22-2 at 11); Chappell Dec. ¶¶ 9-11 (ECF 22-2 at 15); Moran Dec. ¶¶ 8-9 (ECF 22-2 at 23); ECF 82 at 14. Accordingly, based on the statutory provisions of the FLSA, the implementing regulations, the United States Department of Labor's interpretive guidance and case law upon which Defendant relied, no amount of the expense reimbursements paid by Defendant to Plaintiffs via per diems needs to be included in their regular rate of pay for overtime because it was always less than the expenses they actually incurred. Upon consideration of this argument, Defendant is entitled to summary judgment on that claim.

**C.     Effect of Reconsideration on Other Claims**

Upon addressing Defendant's argument above, should the Court agree and dismiss Plaintiffs' collective reimbursement claims with prejudice, the Court would necessarily have to revisit and reconsider the effect of doing so on the other claims in this case, particularly given that the other claims asserted were not part of the conditionally certified definition of the putative Class. (ECF 39 at 1.)

Since the allegations about bonuses were not part of the putative Class and given that Plaintiff May does not meet the definition of the Putative Class, those individualized claims can

---

[3] Indeed, under-reimbursement FLSA cases are analyzed from the standpoint of whether the under-reimbursement had the practical effect of reducing employees' pay to below minimum wage, not whether the insufficient amount actually reimbursed should be treated as a wage and included in the regular rate (such as in delivery driver cases).

be addressed on the current briefing as much of Plaintiffs' opposition and the Court's Order speak to the need for additional discovery to address other opt-in Plaintiffs. Defendant previously described the outcome of these non-collective claims as well. (ECF No. 79 at 4-5; ECF 79-1 at 19-20; ECF 85at 13-14.)

### III.     CONCLUSION

For the reasons explained above, Defendant respectfully requests that the Court grant its Motion for Reconsideration, dismiss with prejudice Plaintiffs' collective meal per diem and laundry reimbursement claim and revisit the remaining claims in light thereof.

Dated this 1st day of October 2021.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By:     *s/William L. Duda*
        William L. Duda (Fed. ID No. 7740)

        *s/Christopher R. Thomas*
        Christopher R. Thomas (Fed. ID No. 11793)

        First Base Building
        2142 Boyce Street, Suite 401
        Columbia, SC  29201
        803.252.1300 (telephone)
        803.254.6517 (facsimile)
        bill.duda@ogletree.com
        christopher.r.thomas@ogletree.com

        **ATTORNEYS FOR DEFENDANT**