IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| RONNIE BREECE, GERALD CHAPPELL, PATRICK MAY, and GARY MORAN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATURECHEM, INC., <br><br> Defendant. | Civil Action No.: 3:19-cv-02552-JMC <br><br> **ORDER AND OPINION** |

This matter is before the court on Defendant NaturChem, Inc.'s Motion for Reconsideration (ECF No. 88) of this court's Order (ECF No. 87) denying Defendant's Motion for Summary Judgment (ECF No. 79). For the reasons set forth below, the court **DENIES** Defendant's Motion for Reconsideration. (ECF No. 88.)

## I.     RELEVANT BACKGROUND

Plaintiffs brought this action on behalf of themselves and all similarly situated current and/or former employees of Defendant, alleging Defendant willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and other applicable rules, regulations, statutes, and ordinances. (ECF No. 1.) Defendant is a South Carolina corporation specializing in vegetation management. (*Id.* at 1 ¶ 2.) Plaintiffs Ronnie Breece, Gerald Chappell, Patrick May, and Gary Moran (collectively, "Named Plaintiffs") were employed by Defendant as spray technicians and would travel to Defendant's customers' locations and perform landscaping duties across the United States. (*Id.* at 2 ¶ 3.) Plaintiffs contend they were scheduled to work, and regularly worked, in excess of forty (40) hours per week, sometimes working as many as seventy (70) hours in one

1

week. (*Id.* at 6 ¶ 25.) Plaintiffs allege Defendant paid "their straight hourly or salaried rates of pay for all hours worked up to, and including, forty (40) hours," and then paid them "a sub-minimum wage overtime rate of $4.50-$5.00 per hour—a rate it called 'Chinese overtime'—for all hours in excess of forty (40) in one workweek." (*Id.* at 6 ¶ 26.) According to Plaintiffs, Defendant "developed and implemented uniform pay practices which excluded from its employees' wages significant per diem payments, causing Defendant to undercalculate overtime rates owed." (ECF No. 22-1 at 1.) Specifically, Defendant paid Plaintiffs pursuant to a "fluctuating work week" method wherein Plaintiffs were paid a base guaranteed salary in any week in which work was performed. (ECF No. 79-1 at 4.) When traveling for work, Plaintiffs were provided a meal per diem of $25.00 per day and $10.00 per week in laundry reimbursement. (*Id.*) Plaintiffs contend "[t]he per diem payments were, in actuality, disguised wages that had no relationship to Plaintiff[s'] actual daily expenses." (ECF No. 22-1 at 3–4.)

On September 10, 2019, Named Plaintiffs filed this action alleging Defendant violated the FLSA by not properly compensating them for overtime. (ECF No. 1.) On June 1, 2020, with the mutual consent of the parties, the Court entered an Order conditionally certifying a class in this case. (ECF No. 39.) On December 18, 2020, Defendant filed a Motion for Summary Judgment seeking dismissal of Plaintiffs' Complaint. (ECF No. 79.) On September 27, 2021, the court denied Defendant's Motion for Summary Judgment without prejudice upon finding that Defendant's Motion was "premature because the parties had three months of discovery remaining when the Scheduling Order (ECF No. 78) was stayed based on Defendant's Motion, Defendant has not responded to any of Plaintiffs' discovery requests, and Plaintiffs have not had the opportunity to depose the witnesses who provided declarations in support of Defendant's Motion." (ECF No. 87 at 4 (citing ECF Nos. 82 at 7–8; 82-1 at 2–4).) On October 1, 2021, Defendant filed

a Motion for Reconsideration (ECF No. 88), asserting reconsideration is warranted to resolve a central argument not addressed by the court. Plaintiffs filed a Response (ECF No. 91), and Defendant filed a Reply to Plaintiffs' Response (ECF No. 94).

## II.     JURISDICTION

This court has jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331 because the Complaint alleges violations of the laws of the United States. Specifically, Plaintiffs allege violations of the FLSA, which empowers a "court of competent jurisdiction" to hear claims brought under the FLSA. 28 U.S.C. § 216(b).

## III.     LEGAL STANDARD

Federal Rule of Civil Procedure Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)). A motion for reconsideration "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d

3

701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion").

## IV.    ANALYSIS

Defendant requests the court reconsider its Order (ECF No. 87) denying Defendant's Motion for Summary Judgment (ECF No. 79) because the court did not address Defendant's dispositive argument that Plaintiffs' theory on per diems fails as a matter of law regardless of any future discovery. (ECF No. 88 at 1.) Defendant asserts the "argument in question is simply that where employee expense reimbursements do not exceed either the employee's actual expenses or the applicable amounts established by the General Services Administration (GSA), they are not, as a matter of law, included in the regular rate of pay for overtime purposes." (*Id.* at 2.) Defendant explains that Plaintiffs have unequivocally asserted "that the evidence they have presented and plan to present will show that they all incurred meal and laundry expenses while traveling for work with Defendant and that the per diem amounts they received for those expenses were *always less* than what they incurred." (*Id.*) Defendant further asserts that, unlike Plaintiffs, it cited statutes, case law, regulations, and interpretive guidance standing for the proposition that only excess per diem payments can be counted towards the regular rate. (*Id.* at 2–3.)

The court finds Defendant's argument unpersuasive. Defendant's insistence that the inclusion of per diem payments in wage rates can be categorically determined based on whether the reimbursement is less than the employee's expenses is overstated. As the court explained in its previous Order, the inclusion or exclusion of per diem payments in the regular rate of pay for overtime calculation must be determined on a case-by-case basis. (ECF No. 87 at 6–7 (citing *Berry v. Excel Grp., Inc.*, 288 F.3d 252, 254 (5th Cir. 2002)).) Thus, the regular wage rate is a fact-based

question. *Newman v. Advanced Tech. Innovation Corp.*, 749 F.3d 33, 37 (1st Cir. 2014) (citing *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446 (1948)). Specifically, inclusion of per diem payments is a fact-based inquiry because the inclusion of per diem payments depends on the function of the payments, not, as Defendant contends, on the amount of the payments. *See Clarke v. AMN Servs., LLC*, 987 F.3d 848, 854–55 (9th Cir. 2021); *Picton v. Excel Grp., Inc.*, 192 F. Supp. 2d 706, 712 (E.D. Tex. 2001) ("any amount set aside as per diem must reasonably approximate the actual amount of expenses incurred by each individual employee."). As such, discovery could lead to other evidence relevant to Plaintiffs' position on this issue rendering summary judgment inappropriate at this time. *See, e.g.*, *Phillips v. Gen. Motors Corp.*, 911 F.2d 724 (4th Cir. 1990) ("the district court has discretionary authority to deny a motion for summary judgment in response to the nonmoving party's plea for additional discovery"); *Snook v. Trust Co. of Ga. Bank of Savannah*, 859 F.2d 865, 870 (11th Cir. 1988) ("Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests."); *Murrell v. Bennett*, 615 F.2d 306, 310 (5th Cir. 1980) ("summary judgment normally should not be granted before discovery is completed").

Defendant's assertion that reconsideration is necessary because the court failed to consider its dispositive argument regarding under reimbursement is unavailing. The court declines to reconsider its prior ruling based on Defendant's disagreement with the result. *Hutchinson*, 994 F.2d at 1082. As such, Defendant has failed to show a clear error of law or manifest injustice resulting from the court's Order (ECF No. 87) denying as premature Defendant's Motion for Summary Judgment without prejudice (ECF No. 79) and reconsideration is not warranted.

## V.     CONCLUSION

Based upon the foregoing, the court **DENIES** Defendant's Motion for Reconsideration. (ECF No. 88.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

May 4, 2022
Columbia, South Carolina

6